UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL C. ROGERS,

Plaintiff,

v.

Civil Action No. 15-14211
Honorable David M. Lawson
Magistrate Judge David R. Grand

MICHIGAN JUDICIAL TENURE COMMISSION, ATTORNEY GRIEVANCE COMMISSION, and MICHIGAN FRIEND OF THE COURT,

Defendants.

__________________________________/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [11]**

**and**

**REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*, PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. §1915(e)**

## I. RECOMMENDATION

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #8).

On February 24, 2016, the Court issued an Order to Show Cause to Plaintiff Samuel C. Rogers ("Rogers") because he had not paid the necessary filing fee to commence an action in this Court, nor filed an application to proceed *in forma pauperis* ("IFP"). (Doc. #10). Rogers filed a response to that Order on March 10, 2016, which the Court construes as a request for permission to proceed IFP in this matter. (Doc. #11). The Court having reviewed Rogers' contentions

regarding his inability to pay the filing fee in this case, and being aware that Rogers has recently been granted IFP status in two other cases in this Court (*e.g.*, Civil Action Nos. 16-10063 and 16-10136), **IT IS HEREBY ORDERED** that Rogers' request to proceed without prepayment of fees **(Doc. #11)** is **GRANTED**. *See* 28 U.S.C. §1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Moreover, the Court now having assessed the complaint's sufficiency pursuant to 28 U.S.C. §1915(e), **IT IS RECOMMENDED** that Rogers' complaint be dismissed *sua sponte*.

## II. REPORT

### A. Background

On November 23, 2015, Rogers filed a complaint against the Michigan Judicial Tenure Commission ("JTC"), the Attorney Grievance Commission ("AGC"), and the "Michigan Friend of Court et al (employees)" ("FOC") pursuant to 42 U.S.C. §1983. (Doc. #1). In his complaint Rogers variously alleges that: "In 1993 I filed a civil action complaint against Wendy's Restaurant in Flint Michigan…I was told by my supervisor [] to fire all of the black employees or I will lose my job. I filed a civil action against Wendy's for wrongful discharge, but what I did not know was that this action was influenced by my white family the Scotts and Motts and the Rogers aka Bennett family as well"; "my case was assigned to Judge Freeman who was a racist Judge"; "Everyone within the Courts took my money from my white family the Scotts, Motts & this black family the Bennett are the Rogers family"; "all of my rights have been ignored by people who are dishonest within the courts"; "everything that has gone on was influence[d] by organized crime including setting me up with this child"; "the Courts was use [sic] by violaters [sic] of the Law"; he "filed complaints against the Attorneys and Judges that overlook Justice and the law for organized crime with the defendants named above … all of [which] were denied;" and the government's and Court's "motive for this illegal action against

me is the money my grandmother Isabel Gerri Scott Mott left me One and half [sic] Billion dollars, that is why my father and my white family the Scott have been trying to kill me." (*Id.* at 2, 5-6).

Nowhere in his complaint, however, does Rogers specifically set forth allegations of wrongdoing by any of the three named defendants. Rather, it is only in a letter dated November 16, 2015, and appended to his complaint, that Rogers makes any specific reference to two of the defendants, saying only that he "filed several complaints with the Michigan Judicial Tenure Commission and the Attorney Grievance Commission" and "every complaint and motion [he] filed has been denied." (*Id.* at 48).

**B. Discussion**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. §1915(a), the court must test its sufficiency under §1915(e). Pursuant to 28 U.S.C. §1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court is required to construe Rogers' *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, the Court concludes that Rogers' complaint fails to state a claim upon which relief may be granted, and seeks monetary relief against defendants who are immune, and, thus, should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

The law makes clear that all three of the named defendants in this action – the JTC, the AGC, and the FOC – enjoy absolute immunity from liability from suit under the circumstances. Regarding the JTC, although Rogers does not plead any specific facts in his complaint regarding this entity, it appears he is alleging that it failed to properly investigate his allegations of

wrongdoing. (Doc. #1 at 48). Regardless, however, this Court has held that the JTC and its members "perform functions that are equivalent to the job performed by judges in court proceedings, and, thus, are entitled to absolute quasi-judicial immunity." *Briggs v. Kuhn*, 2011 WL 6339574, at *4 (E.D. Mich. Dec. 19, 2011) (citing cases). Similarly, Rogers appears to allege that the AGC erred when it "denied" the complaint he filed with that entity. (Doc. #1 at 48). But, courts have also found that the actions of the AGC and its members are "inherently judicial" and, thus, the AGC is entitled to absolute judicial immunity. *See Lepley v. Dresser*, 681 F. Supp. 418, 423 (W.D. Mich. 1988); *Eston v. Van Bolt*, 728 F. Supp. 1336 (E.D. Mich. 1990) (AGC members entitled to absolute quasi-judicial immunity); *Sparks v. Character and Fitness Comm. of Ky.*, 859 F.2d 248 (6th Cir. 1988).

Lastly, Rogers' claim against the FOC – which is not articulated in any detail whatsoever – must be dismissed under the doctrine of Eleventh Amendment immunity. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in federal court if the state has not waived immunity, and if Congress has not expressly abrogated immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984) Congress has not abrogated Eleventh Amendment by statute, nor has it done so under §1983. *See Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Further, Michigan has not waived its right to immunity from civil suit in federal court. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And, as this Court has previously recognized, FOC offices, which are created by state statute and function as arms of the state circuit courts – as well as their employees – "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Merritt v. Lauderbach*, 2013 WL 1148410, at *4-5 (E.D. Mich. Mar. 19, 2013) (quoting *Foster v. Walsh*, 864 F.2d 416,

418 (6th Cir. 1988)). Thus, to the extent Rogers pleads claims against the "Michigan Friend of Court" and its unnamed "employees," such claims are also barred by absolute immunity.

For all of these reasons, Rogers' claims against the defendants should be dismissed with prejudice.

## III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Rogers' complaint be **DISMISSED** in its entirety and with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)**.**

Dated: March 23, 2016
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Order and Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(a) and (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue

presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2016.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager